1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   J. JESUS RAMOS RODRIGUEZ,              Case No. 2:25-cv-2143-DC-CSK

12                Plaintiff,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   MARIA XOCHITL MEJIA TORRES, et
     al.,
15                                          (ECF Nos. 1,2)
16                Defendants.

17        Plaintiff J. Jesus Ramos Rodriguez is representing himself in this action and

18   seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF

19   No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be

20   denied, and the Complaint be dismissed without leave to amend.

21   I.        MOTION TO PROCEED IN FORMA PAUPERIS

22        28 U.S.C. § 1915(a) provides that the court may authorize the commencement,

23   prosecution or defense of any suit without prepayment of fees or security "by a person

24   who submits an affidavit stating the person is "unable to pay such fees or give security

25   therefor." This affidavit is to include, among other things, a statement of all assets the

26   person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

27   _____

28   [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
     Civ. P. 72, and Local Rule 302(c).

1  assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*,

2  the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient

3  where it alleges that the affiant cannot pay court costs and still afford the necessities of

4  life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis

5  statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some

6  particularity, definiteness and certainty." *Id*. According to the United States Department

7  of Health and Human Services, the current poverty guideline for a household of one (not

8  residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service

9  (available at https://aspe.hhs.gov/poverty-guidelines).

10      Here, Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See*

11  ECF No. 2. However, the Court will recommend Plaintiff's IFP application be denied

12  because the action is facially frivolous or without merit because it fails to state a claim

13  and lacks subject matter jurisdiction. "'A district court may deny leave to proceed in

14  forma pauperis at the outset if it appears from the face of the proposed complaint that

15  the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115

16  (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir.

17  1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir.

18  2014) ("the district court did not abuse its discretion by denying McGee's request to

19  proceed IFP because it appears from the face of the amended complaint that McGee's

20  action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)

21  ("It is the duty of the District Court to examine any application for leave to proceed in

22  forma pauperis to determine whether the proposed proceeding has merit and if it

23  appears that the proceeding is without merit, the court is bound to deny a motion

24  seeking leave to proceed in forma pauperis."). Because it appears from the face of

25  Plaintiff's Complaint that this action is frivolous or is without merit as discussed in more

26  detail below, the Court recommends Plaintiff's IFP motion be denied.

27  / / /

28  / / /

1    **II.    SCREENING REQUIREMENT**

2         Even if the Court were to grant Plaintiff's IFP application, Plaintiff's Complaint

3    warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening.

4    Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

5    proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to

6    state a claim on which relief may be granted," or "seeks monetary relief against a

7    defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*,

8    203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

9    arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In

10   reviewing a complaint under this standard, the court accepts as true the factual

11   allegations contained in the complaint, unless they are clearly baseless or fanciful, and

12   construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27;

13   *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir.

14   2010), cert. denied, 564 U.S. 1037 (2011).

15        Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627

16   F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*).

17   However, the court need not accept as true conclusory allegations, unreasonable

18   inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d

19   618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does

20   not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007);

21   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

22        To state a claim on which relief may be granted, the plaintiff must allege enough

23   facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A

24   claim has facial plausibility when the plaintiff pleads factual content that allows the court

25   to draw the reasonable inference that the defendant is liable for the misconduct alleged."

26   *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the

27   complaint and an opportunity to amend unless the complaint's deficiencies could not be

28   cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80

1   F.3d 336, 339 (9th Cir. 1996).

2   **III.    THE COMPLAINT**

3        Plaintiff brings this action against the following eighteen (18) defendants: Maria

4   Xochitl Mejia Torres, Rebecca Ramirez Guzman, Marisol Milian, Letcia Milian Flores,

5   Alejandro Plascencia Ramos, Pavement Paving Coatings d/b/a Pavement Recycling

6   Sys., Esperanza Leticia Garnica, Lorena Simmons, Hazael Arturo Ayala Rodriguez, Zick

7   Ayala Arellano, Leticia Arellano Gutierrez, Jose Manuel Rodriguez Milian, Josafat

8   Herrera Mejia, Cecilia Vega, Manuel Coronado Soto, Jesica Milian Garza, Rosa Aleman

9   Razo, and Cindy Alejandra Luna Rios. Compl. at 2-10 (ECF No. 1). The entirety of the

10  allegations in the Complaint are as follows:

11          Alejandra (sister) had agreement with this people to
            kidnap[p]ing me due to a will my parents give me. She
12          comment to a friend that I need help d[ue] to my divorce and
            family collapse. She also stole my identity along with [illegible
13          phrase] to ask for money or kill me.

14  Compl. at 12. For relief, Plaintiff requests compensation for "lost time, psychological

15  abuse, los[s] of all propert[ie]s actual value and punishment according [to] law." *Id*. at 13.

16  **IV.    DISCUSSION**

17       **A.    Lack of Subject Matter Jurisdiction**

18        The Court lacks subject matter jurisdiction over this action. Federal courts are

19  courts of limited jurisdiction and may hear only those cases authorized by federal law.

20  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold

21  inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary

22  appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir.

23  1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see*

24  *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380

25  (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case

26  or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal

27  court's jurisdiction may be established in one of two ways: actions arising under federal

28  law or those between citizens of different states in which the alleged damages exceed

                                                4

$75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Complaint does not establish the Court's subject matter jurisdiction. *See* Compl. The Complaint identifies federal question and diversity jurisdiction as the basis for federal court jurisdiction. *See* Compl. at 2-11. However, Plaintiff asserts the following as a basis for federal question jurisdiction: "attempting to kidnapping to kill me and my family, taking phone, tracking bank accounts, emails to get locations and position I report to U.S. Customs and F.B.I in Yuma, Arizona." *Id*. at 11. The Complaint includes bare and minimal allegations that do not present a discernible federal question or federal claim, to the extent the facts are discernible.

The Complaint also fails to establish diversity jurisdiction. Plaintiff does not state an amount in controversy and Plaintiff does not establish complete diversity of citizenship. On the face of the Complaint, Plaintiff and many of the Defendants appear to be citizens of California. Compl. at 2-6, 10. Plaintiff also lists himself as both an Oklahoma and California citizen. *Compare* Compl. at 2, *with* Compl. at 11; 1-1 at 1; *see also Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). Because there is no amount in controversy alleged and no diversity of citizenship established here, the Court finds that it also lacks subject matter jurisdiction based on diversity jurisdiction. Therefore, the Court recommends this action be dismissed because the Court lacks subject matter jurisdiction over this action.

### B.    Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v.*

1    *Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Here, the Complaint does not contain facts

2    supporting any cognizable legal claim against Defendants. The Complaint consists of

3    vague and conclusory allegations that fail to establish Plaintiff's causes of action.

4    Because the Complaint is unintelligible, granting leave to amend in this case would not

5    be fruitful.

6         In addition, in a separate action, Plaintiff has alleged almost identical facts with

7    most of the defendants named in this lawsuit and this action has been dismissed for

8    failure to prosecute and for failure to comply with the Court's order. *See J. Jesus Ramos*

9    *Rodriguez v. Maria Xochitl Mejia Torres, et al.*, 2:24-cv-1025-DC-SCR (E.D. Cal. Jan. 21,

10   2025) (dismissed without prejudice for failure to prosecute and for failure to comply with

11   the Court's order to show cause ordering Plaintiff to show cause why the action should

12   not be dismissed for lack of subject matter jurisdiction.). Although the Federal Rules

13   adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice

14   and state the elements of a claim plainly and succinctly. *Jones v. Community Redev.*

15   *Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Complaint therefore fails to state a claim

16   on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84

17   F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot

18   determine from the complaint who is being sued, for what relief, and on what theory, with

19   enough detail to guide discovery").

20        **C.    Leave to Amend**

21        In considering whether leave to amend should be granted, the Court finds that the

22   Complaint consists entirely of minimal allegations with no discernible basis in law. *See*

23   *generally* Compl. The Complaint does not contain facts supporting any cognizable legal

24   claim against Defendants. In light of the Court's lack of subject matter jurisdiction and the

25   Complaint's deficiencies, granting leave to amend would be futile. The Complaint should

26   therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato*

27   *v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

28   / / /

## V.    CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1.    Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;

2.    Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and

3.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  September 11, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, ramo2143.25